J-S39033-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| MARY J. CHURLICK, EXECUTRIX OF THE ESTATE OF MARY J. YOHN, DECEASED, | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : : | |
| v. | : : | |
| MANOR CARE OF CARLISLE PA, LLC, D/B/A , MANORCARE HEALTH SERVICE, CARLISLE, AND HCR MANOR CARE, INCL, MANORCARE INC., HCR HEALTHCARE LLC, HCR HEALTHCARE II, III, AND IV, LLC, | : : : : : : : | |
| Appellants | : | No.  1108 MDA 2015 |

Appeal from the Order Entered September 6, 2013
in the Court of Common Pleas of Cumberland County,
Civil Division, at No(s): 12-7476

BEFORE:    STABILE, PLATT,* and STRASSBURGER,* JJ.

JUDGMENT ORDER BY STRASSBURGER, J.:      **FILED FEBRUARY 28, 2017**

This case returns to this Court on remand following the Pennsylvania Supreme Court's decision in *Taylor v. Extendicare Health Facilities, Inc.*, 147 A.3d 490 (Pa. 2016). We reverse and remand for further proceedings.

The relevant history of this appeal was set forth in this Court's June 28, 2016 memorandum affirming the trial court's order overruling Appellants' preliminary objections in the nature of a motion to compel arbitration. *Churlick v. Manor Care of Carlisle PA, LLC*, 1108 MDA 2015 (Pa. Super. June 28, 2016), vacated, 506 MAL 2016 (Pa. December 1, 2016) (*per curiam*). In refusing to compel arbitration, the trial court relied on this

_____
*Retired Senior Judge assigned to the Superior Court.

Court's decision in ***Taylor v. Extendicare Health Facilities, Inc.***, 113 A.3d 317 (Pa. Super. 2015), which held that Pa.R.C.P. 213(e) required consolidation of wrongful death and survival actions for trial.

However, our Pennsylvania Supreme Court reversed this Court's decision in ***Taylor***, holding that Rule 213(e) conflicts with the Federal Arbitration Act (FAA) and is preempted. ***Taylor***, 147 A.3d at 510. Section 2 of the FAA binds state courts to compel arbitration of claims subject to an arbitration agreement, even at the expense of judicial efficiency. ***Id***. The Supreme Court in ***Taylor*** remanded the case to the trial court, to afford the parties "the opportunity to litigate whether there is a valid and enforceable arbitration contract in accord with generally applicable contract defenses and the FAA's savings clause." ***Id***. at 513. Therefore, we will remand to the trial court to address Appellee's fact-based defenses to the validity and enforceability of the arbitration agreement.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2017